### BLUMERT v. HOES.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. APPEAL AND ERROR—SCOPE OF APPEAL—REVIEW.
    Where defendant appealed from a judgment, and from "the ruling and order" denying a motion to set aside the verdict and for a new trial, but the case on appeal disclosed no such order, the Appellate Division was confined to a consideration of the exceptions taken during progress of the trial.

2. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST DECEDENT—EVIDENCE.
    Where, in a suit for services and expenditures made in caring for an infant at the request of defendant's intestate, it appeared that a large part of plaintiff's claim consisted of moneys expended, of which she had kept no account, evidence that, considering the care bestowed on the infant, the expenditures for food, clothing, etc., plaintiff regarded the reasonable value of her services and expenses at from $9 to $10 a week, was not sufficiently definite to entitle plaintiff to recover under a contract by intestate to pay, not a definite sum, but what was necessary for the support of the child.
    Houghton, J., dissenting.

Appeal from Trial Term.

Action by Clara Blumert against William M. Hoes, public administrator of New York county, as administrator of the estate of Martin Brennan, deceased. From a judgment on a verdict for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

George L. Carlisle, for appellant.
Edwin T. Taliaferro, for respondent.

SCOTT, J. The defendant appeals from the judgment, and also from "the ruling and order" denying the motion to set aside the verdict and for a new trial. The case on appeal discloses no such order, although a motion seems to have been made and denied. We are therefore confined to a consideration of the exceptions taken during the progress of the trial. Many of them relate to the exclusion of evidence which was properly excluded.

The exception to the denial of defendant's motion, at the close of the testimony, to dismiss the complaint, requires, however, some consideration. The action is against the administrator of the estate of Martin Brennan, deceased, and its nature is best disclosed by the first paragraph of the complaint:

"That on or about and between February 1, 1904, and June 1, 1906, plaintiff rendered services to Martin Brennan, deceased, at his special instance and request, in caring for and providing a home for Irene Sutters, an infant, and paid out and expended money at the request of said Martin Brennan, deceased, in purchasing food, clothing, books, and other necessaries for said infant."

From this and the following clause of the complaint it is clear that the plaintiff's claim covers both her own services in caring for the infant and moneys actually paid out and expended by her in behalf of said infant; and, in view of the rather large sum which she claims, it is evident that the item of moneys expended constituted no small part of the claim. At the close of the testimony defendant's counsel moved to dismss the complaint for failure of proof as to the items of damage claimed, and this motion was denied. The only evidence as to value was that given by plaintiff herself, who was asked:

"From the time Irene went to your house to live, up to the time of Mr. Brennan's death, considering the care that you bestowed upon her, the expense that she was to you, what you paid out for her, the care of her food, clothing, and all that, what would be the reasonable value of the services rendered and the expenses—how much per week?"

To which she replied:

"Well, I think I have— If you want to have a good education, I think $9 to $10 would not be too much. Then she must go to school; $9 to $10 I thought."

Upon cross-examination it appeared that the witness had kept no account, and was quite unable to give any idea as to the amount, of her expenditures; and since the amount of such expenditures constituted an important element of her claim, and of the question which elicited her estimate, it is quite apparent that her answer was without value in establishing the amount for which a verdict should be rendered in her favor. As there was no other evidence upon that subject, there was not sufficient evidence to submit to the jury on the question of value, and the motion to dismiss should have been granted for lack of proof. The proof of the contract upon which plaintiff sues consists of the evidence of a number of witnesses, who testify that at different times they heard Brennan say that if plaintiff would care for the child he would pay what was necessary; but none of them testify to any definite sum which he agreed to pay. The plaintiff's claim, therefore, so far as concerns the question of the amount to be recovered, must rest upon

satisfactory proof, both of the value of her own services and of the amount she has been required to pay out. Such proof need not be exact to a dollar, but should be sufficiently definite to enable the jury to render an intelligent verdict. Of such proof there is none in the case.

The judgment and order must therefore be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, McLAUGHLIN, and CLARKE, JJ., concur.

HOUGHTON, J. I dissent, on the ground that there was some proof of value, and hence, as matter of law, the defendant was not entitled to a dismissal of the complaint.